1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10
11
12
13
14
15

| | |
|---|---|
| EMELINE J. SMITH,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 11-cv-05855 JRC<br><br>ORDER ON PLAINTIFF'S<br>COMPLAINT |

16
17
18
19
20
21

        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (see also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 9). This matter has been fully briefed (see ECF Nos. 16, 23, 24).

22
23
24

        Initially, plaintiff appealed her adverse disability ruling from the Administration by alleging six errors by the Administrative Law Judge ("ALJ"). Defendant

Commissioner then conceded these errors and requested that the matter be remanded for further administrative proceedings to re-assess plaintiff's alleged disability.  In her reply brief, plaintiff requests that the matter be reversed and remanded for payment of benefits.

Because of the acknowledged errors by the ALJ and because the record is developed sufficiently for the period in question (July, 2007 – November, 2011), there is no reason for additional administrative proceedings.  Therefore, this Court concludes that the matter is reversed and remanded for a direct award of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, EMELINE SMITH, ("Ms. Smith") was forty-five years old on her alleged disability onset date of July 15, 2007 (see Tr. 14, 147).  She completed the ninth grade and then dropped out of school without getting a GED (Tr. 38).  She received special education classes, but acknowledges that she cannot read and spell (Tr. 38, 45-46).  As a child, she was traumatized at the hands of her stepfather (Tr. 58-59) and still "panics" that she will run into him, as he still lives in the area (Tr. 60).  Plaintiff is 5'2" and weighs between 240 and 252 pounds (Tr. 37-38).  She began experiencing chronic back pain when she worked at Big Bubba's – a fast food establishment (see Tr. 43).  She had previously worked for five years at McDonald's and several other fast food restaurants (Tr. 39-43.)  She had menial jobs and was unable to advance because of her inability to read and write (Tr. 43-46).

During the period of alleged disability, plaintiff's psychological test results indicate reading and spelling abilities in the bottom one percentile; (Tr. 253-61), making

1   her functionally illiterate (Tr. 74); she has been found limited physically in her ability to

2   work because of back pain (Tr. 377-78); and has been found by two doctors to be

3   markedly impaired in her ability to respond appropriately to and tolerate the pressures

4   and expectations of a normal work setting (Tr. 255, 471; see also, generally, Tr. 253-61,

5   467-86).  She has used a variety of prescription and nonprescription drugs including

6   Lyrica, Methodone, antidepressants (Wellbutrin), Prilosec, Sinequan, marijuana and

7   alcohol (Tr. 433, 436, 470).  Despite surgery on her back, she continued to have

8   significant problems with pain and was limited to sedentary work (Tr. 57-58, 377).  But

9   because of her illiteracy, and inability to respond appropriately and tolerate the pressures

10  and expectations of a work setting, clinical psychologist Dr. Keith Krueger, Ph.D. ("Dr.

11  Krueger") (Tr. 256) and Dr. Christina M. Kelly, M.D. ("Dr. Kelly") (Tr. 377-78)

12  concluded that she suffered from functional limitations that precluded work activity for a

13  significant period of time during the period of alleged disability (see also Tr. 19, 69, 72-

14  73).  Dr. Krueger concluded that plaintiff's functional limitations would last for six to

15  twelve months, beginning May 14, 2008 (Tr. 256).  Dr. Kelly concluded that her

16  functional limitations would last for four months beginning June 4, 2008 (Tr. 378). ""

17        Plaintiff continued to be treated by Dr. Kelly without significant evidence of

18  improvement into 2010 (see Tr. 444-57, 493-94, 506-07, 523-24).

19        Plaintiff was examined and evaluated by Kimberly Wheeler, Ph. D. ("Dr.

20  Wheeler") on June 9, 2010 (Tr. 467-89).  Dr. Wheeler noted marked limitations in three

21  vocationally significant areas, including the ability to respond appropriately to and

22  tolerate the pressure and expectations of a normal work setting (Tr. 471, 489).  Dr.

23

24

Wheeler estimated that the length of plaintiff's disability would be a minimum of twenty-four months (Tr. 472).  The plaintiff underwent an evaluation by Behavioral Health Resources on January 28, 2011, where it was concluded that plaintiff suffered from Major Depressive Disorder and Post-Traumatic Stress Disorder as a result of childhood physical, verbal and sexual abuse, with diagnosis deferred on Axis II (see Tr. 565-75).

On December 16, 2011, Ms. Smith received a notice from the Social Security Administration that she was disabled within the meaning of the Act since December 1, 2011 (ECF No. 16, Attachment 2, "Exhibit B").

The only question that remains is whether or not the Administration should extend her period of disability to include her original alleged date of onset of July 15, 2007, until the time Social Security recognized her disability in December of 2011.

<u>PROCEDURAL HISTORY</u>

Plaintiff filed applications for Social Security Disability and Supplemental Security Income Benefits on August 26, 2008 (Tr. 143-44, 147-49).  Plaintiff's claims were denied initially and following reconsideration, and plaintiff requested a hearing (Tr. 80-83, 89-93, 94-95).  Her requested hearing was held on September 8, 2010 before Administrative Law Judge Mattie Harvin-Woode ("the ALJ") (Tr. 31-75).

On December 10, 2010, the ALJ issued a written decision in which she found that plaintiff was not disabled as defined in the Social Security Act (Tr. 11-30).  Plaintiff filed a timely request for an Appeals Council review (Tr. 9). The Appeals Council denied the request for review on September 23, 2011 (Tr. 1-5).  On October 17, 2011, plaintiff filed

a complaint seeking judicial review of the ALJ's written decision (see ECF Nos. 1, 3).  In her Opening Brief, plaintiff contends that the ALJ erred by:

(1)    Failing to give proper consideration to the opinions expressed by plaintiff's treating physician, Dr. Kelly;

(2)    Failing to give proper consideration to the opinions expressed by evaluating psychologist Dr. Krueger;

(3)    Failing to give proper consideration to the opinions expressed by psychological evaluator Dr. Wheeler;

(4)    Failing to give proper consideration to the function report prepared by plaintiff's mother, Ms. Marjorie Zurn;

(5)    Failing to give proper consideration to plaintiff's testimony; and

(6)    Basing her decision on an improper hypothetical to a vocational expert.

(ECF No. 16, page 19.)

On April 26, 2012, for the first time in the record, defendant acknowledged that the ALJ erred in her evaluation of the medical opinion evidence and also, by extension, plaintiff's credibility, the residual functional capacity ("RFC") finding, and the Step 5 finding (see ECF No. 23, page 3).  Defendant asks that further administrative proceedings take place in order to determine, given proper consideration of the evidence, whether or not plaintiff was disabled (id. at pages 7-8).

In her Reply Brief, plaintiff states that there is no reason for an additional evaluation because this Court has all of the information necessary to remand this case for an award of benefits (ECF No. 24, pages 4-5).

1

<u>STANDARD OF REVIEW</u>

2

The ALJ must provide "clear and convincing" reasons for rejecting the

3

uncontradicted opinion of either a treating or examining physician or psychologist.

4

<u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995) (*citing* <u>Baxter v. Sullivan</u>, 923 F.2d

5

1391, 1396 (9th Cir. 1991); <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990)). Even if

6

a treating or examining physician's opinion is contradicted, that opinion "can only be

7

rejected for specific and legitimate reasons that are supported by substantial evidence in

8

the record." <u>Lester</u>, <u>supra</u>, 81 F.3d at 830-31 (*citing* <u>Andrews v. Shalala</u>, 53 F.3d 1035,

9

1043 (9th Cir. 1995)).

10

Here, the parties agree that the ALJ's opinion failed to evaluate properly the

11

medical and psychological evidence before her, and, therefore, also failed to evaluate

12

properly plaintiff's testimony and plaintiff's RFC.

13

Generally when the Social Security Administration does not determine a

14

claimant's application properly, "'the proper course, except in rare circumstances, is

15

to remand to the agency for additional investigation or explanation.'" <u>Benecke v.</u>

16

<u>Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

17

Circuit has put forth a "test for determining when [improperly rejected] evidence

18

should be credited and an immediate award of benefits directed." <u>Harman v. Apfel</u>,

19

211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

20

> (1) the ALJ has failed to provide legally sufficient reasons for
> rejecting such evidence, (2) there are no outstanding issues that
> must be resolved before a determination of disability can be
> made, and (3) it is clear from the record that the ALJ would be

21

22

23

24

required to find the claimant disabled were such evidence credited.

Harman, supra, 211 F.3d at 1178 (quoting Smolen, supra, 80 F.3d at 1292).

DISCUSSION

Because the parties already have agreed that the ALJ failed to provide legally sufficient reasons for rejecting the evidence provided by plaintiff, the Court has examined the record to determine if the improperly rejected evidence should be credited for an immediate award of benefits.

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989) (citing Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir. 1988)). In Varney, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary. Varney, supra, 859 F.2d at 1401. See also Reddick v. Chater, 157 F.3d 715, 728-730 (9th Cir. 1998) (case not remanded for further proceedings because it was clear from the record claimant was entitled to benefits); Swenson, supra, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by further proceedings); Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989) (same); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (accepting uncontradicted testimony as true and awarding benefits where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician).

In Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000), the court evaluated

1 the various cases on the subject and summarized when it is appropriate to credit

2 improperly discredited testimony as true and direct an award of benefits.  The court cited

3 Varney, supra, 859 F.2d at 1398-99, for the judicial policy behind its analysis:

4
> Requiring the ALJs to specify any factors discrediting a claimant
5 > at the first opportunity helps to improve the performance of the
> ALJs by discouraging them from reach[ing] a conclusion first,
6 > and then attempt[ing] to justify it by ignoring competent
> evidence . . . . [¶ And the rule [of crediting such testimony]
7 > ensures that deserving claimants will receive benefits as soon as
> possible . . . .
8
> . . . Certainly there may exist valid grounds on which to discredit
9 > a claimant's pain testimony. . . .  But if grounds for such a
> finding exist, it is both reasonable and desirable to require the
10 > ALJ to articulate them *in the original decision*.

11 Harman, supra, 211 F.3d at 1179 (emphasis added in Harman, internal quotes and

12 citation omitted in Harman). The Harmon Court continued:

13
> Our reliance on Varney II to justify the current application of
14 > Smolen does not obscure the more general rule that the decision
> of whether to remand for further proceedings turns upon the
15 > likely utility of such proceedings. See Lewin v. Schweiker, 654
> F.2d 631, 635 (9th Cir. 1981). Rather, the Smolen test still
16 > enables only a limited exception to the general rule.

17 Harman, supra, 211 F.3d at 1179.

18         With these considerations in mind, the Court concludes that there are no

19 outstanding issues that must be resolved before a determination of disability can be made

20 and that it is clear from the record that if the evidence provided by plaintiff's testimony

21 and the improperly rejected opinion evidence provided by her treating and examining

22 physicians were credited, the ALJ would be required to find plaintiff disabled.

23

24

1    There are several reasons for this decision.  First, the only period of disability being

2    discussed is from her alleged initial onset date of July, 2007 to the date she was

3    determined by the Administration to be disabled, December 1, 2011.  The ALJ had before

4    her all of the relevant medical and psychological records for plaintiff's treatment during

5    that time.

6        Second, the opinion testimony from the treating and examining physicians is not

7    contradicted by any doctor who has examined plaintiff. Although the non-examining,

8    medical consultant who only reviewed plaintiff's record disagreed with all of plaintiff's

9    treating and examining doctors, defendant concedes that "a non-examining psychologist

10   opinion cannot serve as a sufficient basis for rejecting the opinions of an examining

11   psychologist" (Response Brief, ECF No. 23, p. 6; see Tr. 333). See also Lester, supra, 81

12   F.3d at 831. Crediting the opinions of plaintiff's examining doctors confirms periods of

13   disability for most of the time period in question.  Defendant has not directed the Court to

14   any evidence to the contrary or to evidence of any significant change during the period of

15   alleged disability.

16       Furthermore, as noted by plaintiff, when the vocational expert, Dr. O.R. Elofson.

17   Ph.D., was asked questions by plaintiff's counsel during the hearing, the following

18   exchange occurred:

19   Q        . . .  If you add to the judge's [ALJ's] hypothetical the following
              additional limitation and that would be a, marked degree of difficulty in the
20            ability to respond appropriately to and tolerate the pressures and
              expectations of a normal setting, would such a hypothetical claimant be
21            able to sustain any competitive work activity?
                                                . . .

A    . . .  No, I think that is such an extraordinary limitation it suggests a person is either going to have problems when they're at work if they stay there performing, and they're going to be nonproductive, perhaps disruptive, or they're simply going to leave the workplace.  And neither one of those is going to be tolerated in any competitive employment.  So I would say a marked limitation in tolerating pressures in a normal work setting really means the person should be working in a supported setting not a competitive one.

(Tr. 72-73; <u>see also</u> Tr. 19 (plaintiff's RFC), 69 (ALJ's hypothetical).

The evidence from plaintiff's examining and treating physicians document that for significant periods of time during her alleged period of disability, she had a marked degree of difficulty in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting (<u>see</u> Dr. Krueger's evaluation; Tr. 255; Dr. Kelly's evaluation, Tr. 377-78; and Dr. Wheeler's evaluation, Tr. 471).

While there may be some gaps during which plaintiff was not evaluated for disability, those gaps will not be cured with additional administrative proceedings.  It is what it is and further contemporaneous evaluation of plaintiff's past condition no longer is possible. Assuming that plaintiff's testimony and the relevant evaluations of plaintiff in the record are credited properly, based on the testimony of the vocational expert, the ALJ would be required to find the claimant disabled (<u>see</u> Tr. 19, 69, 72-73).  Therefore, there is no utility for such further proceedings.  See <u>Harman</u>, <u>supra</u>, 211 F.3d at 1179 (*citing* <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981)).

<u>CONCLUSION</u>

The ALJ did not evaluate properly plaintiff's testimony or the medical evidence. In addition, the treating and examining physicians' opinions were consistent with the

1   overall record and demonstrated conclusively that plaintiff was disabled. Therefore, this

2   matter is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

3   405(g) to the administration for a direction to the Administrative Law Judge on remand to

4   award benefits to plaintiff.

5          **JUDGMENT** is for plaintiff and the case should be closed.

6          Dated this 18th day of May, 2012.

7

8

9          J. Richard Creatura
           United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24